**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:  Russel S. Bleiler, III | : | Chapter 13 |
| Debtor | : | No. 17-17743-jkf |

## MOTION TO DISMISS CHAPTER 13 CASE

Sharon Bleiler, the Debtor's former spouse, (hereinafter "Sharon"), by and through her attorney, respectfully requests that this Honorable Court dismiss this Chapter 13 Case for the following reasons:

1. On September 2, 2016, as part of their divorce action, the Debtor and Sharon entered into a written Property Settlement Agreement ("Agreement"). A copy of the Agreement is attached as Exhibit "A."

2. As part of the Agreement, *inter alia*, the Debtor was required to pay Sharon a lump sum equitable distribution payment of $700,000.00 by December 31, 2016. See Agreement, ¶3.1.

3. The Debtor failed and refused to make the payment prompting Sharon to file a February 27, 2017 Petition for Contempt and Enforcement with the Montgomery County Court of Common Pleas, in the case captioned: Sharon Bleiler v. Russel S. Bleiler, III, case number 2016-03495 ("State Court Litigation").

4. On August 29, 2017, after a hearing, the State Court granted Sharon's Petition for Contempt and ordered the Debtor to "immediately pay Wife $700,000.00 plus interest of 6% per annum, accumulated through the date of payment." A copy of the August 29, 2017 Order, the September 13, 2017 Addendum and the Court's November 20, 2017 Opinion in Support of the Order are collectively attached as Exhibit "B."

1

5. The Order also awarded attorney's fees of $5,574.00. <u>See</u> Exhibit B.

6. Rather than comply with the August 29, 2017 Order, on September 25, 2017 the Debtor filed an Emergency Application to Stay/ or Enjoin the Court's Order, which was denied by the Court on October 12, 2017. A copy of the Order denying the stay is attached as Exhibit "C."

7. Thereafter, to further delay complying with the State Court's Order, on November 14, 2017 the Debtor filed the instant Chapter 13 case.

8. As of the date of the Debtor's bankruptcy filing, he owed Sharon the amount of $714,544.00 for the unpaid equitable distribution obligation. A copy of the first four pages of Sharon's unsecured Proof of Claim in the amount of $714,544.00 is attached as Exhibit "D."

## The Debtor is Over the Debt Limit for Chapter 13

9. At all times relevant, pursuant to 11 U.S.C. § 109(e) an individual qualifies for Chapter 13 relief only if his debts do not exceed a certain sum at the time of filing: Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $394,725.00 may be a debtor under chapter 13.

10. Liquidated debts that are disputed are included in the determination of the debt limit. See <u>In re Saunders</u>, 440 B.R. 336 (Bankr.E.D. Pa. 2006); <u>Mazzeo v. United States (In re Mazzeo)</u>, 131 F.3d 295, 303-05 (2nd Cir. 1997); <u>United States v. Verdunn</u>, 89 F.3d 799, 802 n. 9 (11th Cir. 1996); <u>Barcal v. Laughlin (In re Barcal)</u>, 213 B.R. 1008, 1012 (8th Cir. B.A.P. 1997); <u>Gaertner v. McGarry (In re McGarry)</u>, 230 B.R. 272, 275 (Bankr.W.D. Pa. 1999); <u>In re Pennypacker</u>, 115 B.R. 504, 505 (E.D. Pa. 1990).

11. A noncontingent debt is one where "all events giving rise to the liability for the debt occurred prior to the debtor's filing for bankruptcy." <u>In re Weiss</u>, 251 B.R. 453, 465

(Bankr.E.D.Pa. 2000)(quoting In re Fostvedt, 823 F.2d 305, 306 (9th Cir.1987)) (quoting In re Mazzeo, 131 F.3d 295, 303 (2d Cir.1997)). A debt is liquidated if "the value of the claim is easily ascertainable." Id.

12.    The concept of a liquidated debt relates to the amount of the debt, not to the existence of liability. Verdunn, 89 F.3d at 802. That a dispute might exist about the underlying liability or the amount of the debt does not render the debt contingent or unliquidated. Id. at 802, n. 9. Rather, a debt is liquidated if the amount due can be determined with sufficient precision. Typically, debts of a contractual nature are liquidated, even if they are disputed. Pennypacker, 115 B.R. at 505.

13.    As noted by the district court in In re Sullivan, 245 B.R. 416, 418 (N.D. Fla. 1999), the eligibility requirements of § 109(e) are based on what a debtor owes on the filing date, not what the debtor may think he owes. Courts specifically look at proofs of claim as well as a debtor's schedules to determine chapter 13 eligibility. See Verdun, *supra* (proof of claim reviewed to determine total unsecured claims); In re Gipson, 2017 Bankr. Lexis 1273 (Bankr.E.D. Pa. 2017)(per Coleman, J.)

14.    For the purpose of determining eligibility for a Chapter 13, the amount of debt should not be reduced by the value of any potential counterclaim asserted by the debtor. Sylvester v. Dow Jones & Co. (In re Sylvester),19 B.R. 671, 673 (9th Cir. BAP 1982). See also Quintana v. Comm'r (In re Quintana), 915 F.2d 513, 517 (9th Cir. 1990) (holding that debtors may not use a counterclaim to set off the amount of a debt for Chapter 12 eligibility purposes).

15.    Because the total amount of the Debtor's liquidated non-contingent unsecured debts exceed the debt limits allowed to be eligible to be in a Chapter 13 case this case should be dismissed. 11 U.S.C. §109(e).  See also In re Wilkins, 564 B.R. 268 (Bankr.M.D. Pa. 2017)(case

converted because debtor over the debt limit)  In re Saunders, 440 B.R. 336 (Bankr.E.D. Pa. 2006)(debtors do not qualify for Chapter 13 bankruptcy because they are over the debt limit).

### The Debtor's Bankruptcy Filing Was in Bad Faith

16.     The Debtor is an oral surgeon, is not insolvent and it would be an abuse of the bankruptcy system for him to be a Debtor in a Chapter 13 Case.

17.     The Debtor's high income and wealthy lifestyle were highlighted at the August 10, 2017 contempt hearing:  For example,

a.     In 2014, the last year in which the Debtor filed a tax return, he and his wife's w-2 wage income was $1,422,855.00.

b.     The monthly mortgage payment on the Debtor's home is approximately $5,000.00 and he is current with payments.

c.     The Debtor owns a commercial condominium that is unencumbered (no mortgage) that he values at $500,000.00.

d.     This past September, 2017 the Debtor traveled on an African Safari hunting trip that was estimated to cost him $10,000.00.

e.     In addition, the Debtor owns a massive gun collection which includes over 170 shotguns and 200 pistols.

18.     The Debtor filed this bankruptcy in bad faith, not to reorganize, but rather to continue his unmitigated pattern of refusing to honor his equitable distribution obligation owed to Sharon.

19.     For the aforesaid reasons, the Debtor's Chapter 13 case should be dismissed.

**WHEREFORE,** Sharon Bleiler respectfully requests this Honorable Court dismiss the Debtor's Chapter 13 case.

Respectfully submitted:

**WATERMAN & MAYER, LLP.**

Dated: December 18, 2017        **By**:___/s/ Scott F. Waterman_____
                                **SCOTT F. WATERMAN, ESQUIRE**
                                110 W. Front Street
                                Media, PA 19063
                                (610) 566-6177  Phone
                                (610) 892-6991  Fax