UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:   Russel S. Bleiler, III             :        Chapter 13

        Debtor                    :        No. 17-17743-jkf

**ORDER**

**AND NOW** this ____ day of May, 2018, upon consideration of Sharon Bleiler's Motion for Relief from the Automatic Stay under §362 and after a hearing it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part.

**IT IS ORDERED** that the Debtor, as administrator of of the Russel S. Bleiler, III D.M.D. P.C. Pension Plan shall within 10 days execute any and all documents necessary to effectuate Sharon Bleiler's access to her pension monies in accordance with the September 11, 2017 Stipulated Qualified Domestic Relations Order ("QDRO") regarding the divorce action captioned as: *Sharon Bleiler v. Russel S Bleiler, III,* Montgomery County Court of Common Pleas No. 2016-03495 ("Divorce Action").

**IT IS FURTHER ORDERED** that should Sharon Bleiler, at her sole discretion determine that the paperwork required to allow her access to her share of the Pension Plan has not been executed, the automatic stay under 11 U.S.C. §362(d)(1) shall be lifted to allow her, and her counsel, to proceed to take any action necessary including filing any motions necessary in the Divorce Action to further enforce and effectuate her right to obtain her share of the Russel S. Bleiler, III, D.M.D. P.C. Pension Plan.

**IT IS FURTHER ORDERED** that the automatic stay is hereby lifted to allow the parties to proceed on the litigation of the appeal of the August 29, 2017 Divorce Action Order before the Pennsylvania Appellate court(s).

**IT IS FURTHER ORDERED** that a determination regarding Sharon Bleiler's motion to sell certain personal property obtained pre petition shall be deferred pending the final determination of the of the State Court's August 29, 2017 Order. Counsel for the parties shall notify this Court when that eventuality occurs.

Until that time, it is hereby **ORDERED** that Sharon Bleiler shall not transfer, sell or dispose of any items in her possession that she acquired in accordance with the Divorce Action Order of August 29, 2017.

**IT IS FURTHER ORDERED THAT** Morphy Auctions and Hunt Auctions shall be prohibited from selling or transferring any items in their possession they obtained from Sharon Bleiler pending further Order of the Court. A determination of who shall be responsible for paying any penalties or storage fees owed to the auction houses as a result of this provision shall be deferred pending further Order of the Court. Debtor's counsel shall forward a copy of this Order to Hunt Auctions and Morphy Auctions, and their counsel.

                                          **BY THE COURT:**

                                          Jean K. FitzSimon,
                                          United States Bankruptcy Judge